UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
C.G. HOLDINGS, INC., a Florida corporation,

                     Plaintiff,

v.

RUM JUNGLE INC., a New York corporation,

                     Defendant.
-----------------------------------------------------------------X

07 MC 534 (EV)

**ORDER TO SHOW CAUSE**

Upon reading and filing of the annexed declaration of Peter T. Shapiro, Esq., dated February 13, 2008, and the supporting exhibits, and upon all the pleadings and prior proceedings heretofore had herein,

LET Defendant in this action show cause before this Court, 225 Cadman Plaza East, Brooklyn, NY 11201, at 10:00 A.m. on the 3rd day of March 2008, or as soon thereafter as counsel may be heard, why an order should not be made: (a) directing that an Order be entered providing for the enforcement of the order of the United States District Court, District of Nevada, Southern Division dated November 2, 2007, previously entered as an order of this Court on January 17, 2008 and directing that the United States Marshal shall duly enforce same; and (b) granting such other and further relief as is just and proper and it is further,

ORDERED, that sufficient cause having been shown, that service of a copy of this Order and of the papers upon which it is based, by overnight mail, upon RUM JUNGLE Inc. on or before February 15, 2008, be deemed good and sufficient service, and it is further

4810-6761-8306.1

SO ORDERED:

Dated: Brooklyn, NY
February 14, 2008

s/Hon. Eric N. Vitaliano
_____
U.S.D.J.
HON. ERIC N. VITALIANO

Ordered, that on or before February 22, 2008, plaintiff shall serve and file a memorandum of law outlining each enforcement action it seeks the United States Marshal to take in order to enforce its money judgment and that each such enforcement action comports with the applicable law for the enforcement of such money judgments in this jurisdiction.

4810-6761-8306.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
C.G. HOLDINGS, INC., a Florida corporation,

                                        Plaintiff,

07 MC 534 (EV)

v.

**DECLARATION**

RUM JUNGLE INC., a New York corporation,

                                          Defendant.
------------------------------------------------------------------X

**PETER T. SHAPIRO**, an attorney duly admitted to practice before this Court, declares as follows under the penalties of perjury:

1. I am a partner of Lewis Brisbois Bisgaard & Smith LLP, attorneys for Plaintiff-Judgment Creditor C.G. Holdings, Inc. I submit this declaration in support of Plaintiff's motion for an order to show cause why defendant should not have an order entered against it directing that enforcement be granted of the money judgment portion of the order previously entered in this action by this Court, dated January 17, 2008, based upon the Order of the United States District Court for the District of Nevada, Southern Division, dated November 2, 2007, due to the failure and refusal of the United States Marshals service to grant enforcement based on the existing order.

2. The original action herein was commenced in the District of Nevada on or about July 24, 2007 by filing and service of a Summons and Complaint, alleging that Defendant Rum Jungle, Inc. has violated the Lanham Act by infringing Plaintiff's federally registered service mark, RUMJUNGLE, by virtue of Defendant's operation of a Queens, New York establishment using the trade name and service mark "Rum Jungle".

3. After Defendant's default in the Nevada action, a default judgment was entered

4810-6761-8306.1

on or about November 2, 2007. Annexed hereto as Exhibit A is a copy of the Nevada District Court's Order awarding, *inter alia*, the following relief: (1) statutory damages in the amount of $100,000.00; (2) attorneys' fees and costs in the amount of $26,360.19; and (3) a permanent injunction enjoining Defendant from using the RUMJUNGLE mark and/or any similar variation thereof (the "Mark") and ordering Defendant to destroy and dispose of all materials bearing in any manner the Mark.

4. Because the judgment in favor of Plaintiff could not be enforced in Nevada inasmuch as Defendant's business is located in New York State, we caused the order to be filed in this Court. The United States Marshals service advised that it would be necessary for us to obtain an order of this Court directing it to enforce and execute upon the order filed here. We duly moved by order to show cause, and obtained the January 17, 2008 Order (Exhibit B hereto). That order directed enforcement and execution. The one week stay of execution expired without Defendant having appeared or taken any action herein.

5. Upon again consulting with the Eastern District Office of the United States Marshals Service, the United States Marshals Service advised that the January 17, 2008 Order was insufficient as a basis for them to enforce the money judgment portion of the Order. They also declined to provide any guidance concerning how the Order was defective. As a result, we have no alternative but to return to the Court with a new proposed order, a copy of which is annexed hereto as Exhibit C, which we will submit to the United States Marshals service and again seek execution of the money judgment aspect of the order as well as the injunctive relief aspect thereof.

6. On information and belief, Defendant continues to violate the preliminary and permanent injunctions granted, and no part of the money judgment entered in favor of Plaintiff

4810-6761-8306.1

has been paid. Since we appeared before the Court on January 17, 2007 on the prior order to show cause, we have had no contact from any attorney representing Defendant. We have had no contact of any kind other than via the club manager who appeared in court asking us to fax her a copy of the Order (which we did). The infringing website remains operational as of today's date.

7. Unless an order to show cause is issued granting the relief set forth in Exhibit C, Plaintiff will suffer immediate and irreparable injury, loss and damage in that Defendant poses a threat that it will dispose of its assets and has previously ignored, in a matter in which two District Judge's orders indicate that preliminary and injunctive relief is proper and in which our Defendant has utterly failed to comply with the Court's directives.

8. Accordingly, it is respectfully submitted that this Court should sign and enter the proposed order to show cause that is annexed hereto, and the order that is annexed hereto as Exhibit C, and grant such other and further relief as is just and proper. There would appear to be no reason to delay doing so given Defendant's defaults herein and failure to appear. Accordingly, we respectfully request that the Court make this order to show cause returnable as soon as possible.

9. Plaintiff has not made any prior request for the relief sought herein other than as set forth above.

Dated: New York, New York
February 13, 2008

                                                Peter T. Shapiro (PS 9692)

(Rev.12/93) Certification of Judgment

MISC 07 5841

# UNITED STATES DISTRICT COURT

DISTRICT OF __Nevada__

C.G. HOLDINGS, INC., a Florida corporation,
    Plaintiff,
V.
RUM JUNGLE INC., a New York corporation,
    Defendant.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 2:07-cv-00978-KJD-RJJ

I, __LANCE S WILSON__, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action __11/02/07__, as it appears in the records of this court, and that no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of this Court.

__12/7/07__
Date

LANCE S
Clerk
(By) Deputy Clerk

---

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 19 2007 ★

BROOKLYN OFFICE

A TRUE COPY
ATTEST
DATED DEC 19 2007
ROBERT C. HEINEMANN
BY _____ CLERK
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| C.G. HOLDINGS, INC., a Florida corporation, | CASE NO. 2:07-cv-00978-KJD-RJJ |
| Plaintiff, | ENTRY OF DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION |
| v. | |
| RUM JUNGLE INC., a New York corporation, | |
| Defendant. | |

Plaintiff C.G. Holdings, Inc. ("Plaintiff") having filed a Motion for Default Judgment, Damages and Attorneys' Fees and Costs and Permanent Injunction pursuant to Rule 55, Federal Rules of Civil Procedure, and Local Rule 54-16 against Defendant Rum Jungle Inc. ("Defendant"); Defendant having failed to respond or answer in any fashion Plaintiff's Complaint previously served upon Defendant; the Clerk of the Court having entered Default against these Defendants on August 23, 2007; and this Court having now given due consideration to Plaintiff's Motion for Default Judgment as well as all papers, pleadings, and exhibits offered in support thereof by Plaintiff; the

4817-1029-8625.1

Case 2:07-cv-00978-K---RJJ   Document 16   Filed 11/02/-07   Page 2 of 4
Case 1:07-mc-00534-ENV-MDG   Document 9   Filed 02/14/08   Page 8 of 18

1 Court being further advised in the matter and there having been no appearance, answer or defense of
2 any kind by Defendant, it is therefore:

3   ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of Plaintiff and
4 against the Defendant on all claims of Plaintiff's Complaint; and, it is further ordered and adjudged
5 that said Judgment shall include the following specific findings of fact and award of specific relief:
6 FINDINGS:

7   1. This Court has subject matter jurisdiction under 15 U.S.C. §1332 and 1338.

8   2. This Court has personal jurisdiction over Defendant because Defendant has
9 purposefully directed Defendant's activities to residents in the State of Nevada, which activities have
10 injured Plaintiff.

11   3. Defendant was served with the Summons, Complaint and the Motion for Preliminary
12 Injunction in this action on July 28, 2007 through Chaz Imamudin, manager for Defendant, at 121-08
13 Jamaica Avenue, Richmond Hill, New York, the business address provided by Defendant through
14 Defendant's website located at www.rumjunglenyc.com.

15   4. Plaintiff has continuously used the RUMJUNGLE mark (the "Mark") in commerce in
16 connection with the offering of restaurant and bar services since March 2, 1999.

17   5. Plaintiff obtained a registration for the Mark with the United States Patent and
18 Trademark Office on August 1, 2000, Registration Number 2373828, International Class 42.

19   6. Defendant has used the Mark in connection with the offering of restaurant and bar
20 services as well as with the Defendant's Internet domain name, rumjunglenyc.com (the "Infringing
21 Domain Name"), all without Plaintiff's authority or permission.

22   7. Defendant's use of the Mark and use of the Infringing Domain Name constitutes mark
23 infringement and dilution under the Lanham Act (15 U.S.C. §1125) and cybersquatting in violation of
24 the Anti-cybersquatting Consumer Protection Act (15 U.S.C. §1125(d)).

25   8. Defendant's actions in violating the ACPA, in infringing and diluting the Marks of
26 Plaintiff and in violation of the Lanham Act were malicious, deliberate and willful.

27   THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

28   9. Defendant, and its officers, agents, servants, employees, attorneys, parents, subsidiaries

1 and related companies, and all person(s) acting for, with, by, through or under them shall pay to
2 Plaintiff:

(i) statutory damages of $100,000.00; and

(ii) Plaintiff's attorneys' fees and costs in the amount of $26,360.19.

10. By failure to appear in this matter, Plaintiff's request for permanent injunctive relief is hereby granted.

The Court, having considered Plaintiff's Motion for Preliminary Injunction and all exhibits and pleadings pertaining thereto, hereby ORDERS:

11. That defendant Rum Jungle Inc. and its officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, with, by, through or under it (the "Defendant") are hereby:

(a) Permanently restrained and enjoined from misrepresenting in any way the source of origin or the nature or quality of Defendant's services;

(b) Permanently restrained and enjoined from advertising, utilizing in metadata in connection with any Internet website, and/or otherwise marketing or disposing of Defendant's services under the text RUMJUNGLE and/or any similar variation thereof, including, without limitation, the use of the text RUM and the text JUNGLE together or separately within five words of one another;

(c) Ordered to destroy and dispose of all of Defendant's materials bearing in any manner the RUMJUNGLE mark and/or any similar variation thereof (the "Mark"), including without limitation, advertising materials, promotional materials, drawings, brochures, catalogs, stationery, business forms, business cards, labels, signs, and stickers;

(d) Ordered to transfer the domain rumjunglenyc.com (the "Accused Domain") to Plaintiff;

(e) Ordered to file with this Court and serve upon Plaintiff, within 30 days of being served with this Court's injunction issued in this action, a written report signed by Defendant under oath, setting forth in detail the manner in which Defendant complied with the Court's injunction; and

4817-1029-8625.1

3

1          (f)    Permanently restrained and enjoined from any use of the Mark whatsoever and
2 any further conduct that infringes the Mark and/or the Plaintiff's use of the Mark.
3      12.    The registrar of the Accused Domain, MELBOURNE IT, LTD. doing business as
4 INTERNET NAMES WORLDWIDE, is hereby ordered to transfer the Accused Domain to Plaintiff.
5      13.    The above Order is effective on Plaintiff's filing of an undertaking in the sum of
6 $ ---0--------------.

8 It is further ORDERED that jurisdiction of this case shall be retained by this Court for the purpose of
9 enforcement of this Judgment.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: November 2, 2007

```
                    UNITED STATES
              U.S. District Court
                   District of Nevada
                   Southern Division

              # 00104114 - JG
              December 7, 2007

                                        Amount
        Code    Case #      Qty
                                        9.00
        CERTIFIE 07-978vs    1 @        9.00 CK
                                        0.10
        COPIES C  -same      4 @        0.40 CK

                                        9.40

              TOTAL→

        FROM: LEWIS & BRISBOIS BISGAARD/SMTH
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
C.G. HOLDINGS, INC., a Florida corporation,

                      Plaintiff,

         v.

RUM JUNGLE INC., a New York corporation,

                      Defendant.
------------------------------------------------------------X

07 MC 534

**ORDER**

The Court, having reviewed and considered: (1) the Motion of C.G. HOLDINGS, INC., a Florida corporation, for an order: (a) directing that the Order entered in the United States District Court, District of Nevada, Southern Division dated November 2, 2007, be entered as an order of this Court and that the United States Marshal shall duly enforce same; and (b) granting such other and further relief as is just and proper, having been heard before this Court, as well as (2) the pleadings and records on file in this case, good cause appearing therefor, it is hereby

ORDERED that the Motion is granted, and it is further

    a.    ORDERED that the U.S. Marshals Service is authorized to take all necessary steps, using whatever force necessary, including breaking open, entering and searching for the following property: Rum Jungle, Inc. Corporate Office, located at 128-02 Liberty Avenue, Richmond Hill, New York 11419; and Rum Jungle Night Club and Restaurant, located at 121-08 Jamaica Avenue, Richmond Hill, New York 11418; to secure and under the supervision of the U.S. Marshals Service have property removed, from said premises, including all of Defendant's materials bearing in any manner the RUMJUNGLE mark and/or any similar

*[handwritten annotation:] except for records kept in the ordinary course of defendant's business*

variation thereof (the "Mark"), including, without limitation, advertising materials, promotional materials, drawings, brochures, catalogs, stationery, business forms, business cards, labels, signs, and stickers. The creditor is responsible for the transport to the appropriate/designated storage facility to place said property;

b. ORDERED that the U.S. Marshals Service is authorized to place a lien on the properties, Rum Jungle, Inc. Corporate Office, located at 128-02 Liberty Avenue, Richmond Hill, New York 11419, and Rum Jungle Night Club and Restaurant located at 121-08 Jamaica Avenue, Richmond Hill, New York 11418, in order to satisfy the $126,360.19 money judgment entered against Rum Jungle, Inc.;

c. ORDERED that the attorneys of C.G. HOLDINGS, INC., and persons under their supervision shall accompany the United States Marshal;

d. ORDERED that C.G. HOLDINGS, INC., a Florida corporation, on whose behalf the Court issues this Order, will act as substitute custodian of any and all items seized pursuant to the Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any Court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendant property, including any third-party claims;

e. ORDERED that anyone interfering with the execution of this Order is subject to

arrest by the U.S. Marshals Service;

f.  ORDERED that C.G. HOLDINGS, INC., a Florida corporation, on whose behalf the Court issues this Order, will account completely for all property seized and/or found at this premises and shall compile a written inventory of all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court.

g.  ORDERED that when executing the seizure, the United States Marshal shall serve a copy of this Order and the several documents upon which the Order is based, by leaving them at the place of business of defendant, or with any agent, employee or officer of defendant.

h.  ORDERED that, absent further Order of the Court, the execution of this Order is STAYED through and including January 24, 2008 EXCEPT that defendant, its officers, agents, employees and anyone authorized to act on its behalf shall immediately cease and desist from using any website displaying the RUMJUNGLE tradename and shall forthwith transfer the domain rumjunglenyc.com to plaintiff and, unless in the ordinary course of its lawful business, shall not sell, encumber, dissipate, conceal or dispose of in any way the real property or any other assets owned by defendant or in which defendant has a property interest.

SO ORDERED.

Dated: Brooklyn, New York
       January 17, 2008

                                            _____
                                            ERIC N. VITALIANO
                                            United States District Judge

File No. 29057-03 C.G. Holdings, Inc. v. Rum Jungle Inc. USDC, Eastern District of New York Case No. 07MC534

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

Nancy Rivera, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and I reside in the State of New York, County of New York. On the 17th day of January, 2008, I served a true copy of the annexed **ORDER** upon the following:

> Rum Jungle, Inc.
> 121-08 Jamaica Avenue
> Richmond Hill, New York 11418-2523
>
> Rum Jungle, Inc.
> 128-02 Liberty Avenue
> Richmond Hill, New York 11419

by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Nancy Rivera

Sworn to before me this
17th day of January, 2008

_____
Notary Public

MAUREEN STAMPP
NOTARY PUBLIC, State of New York
No. 02ST5014512
Qualified in Queens County
Commission Expires July 15, 2011

4813-5171-3794.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
C.G. HOLDINGS, INC., a Florida corporation,

                     Plaintiff,

v.

RUM JUNGLE INC., a New York corporation,

                     Defendant.
-------------------------------------------------------------------X

07 MC 534 (EV)

**ORDER**

The Court, having reviewed and considered: (1) the Motion of C.G. HOLDINGS, INC., a Florida corporation, for an order: (a) directing that the Order of this Court, dated January 17, 2008, granting C.G. Holdings, Inc.'s motion entering the order entered in the United States District Court, District of Nevada, Southern Division dated November 2, 2007, as an order of this Court and directing that the United States Marshal shall duly enforce same, be amplified and expanded by further direction to the United States Marshal's service concerning the means and measures to be undertaken in connection with enforcement; and (b) granting such other and further relief as is just and proper, having been heard before this Court, as well as (2) the pleadings and records on file in this case, and good cause appearing therefor, it is hereby

ORDERED that the Motion is granted, and in order to have the defendant Rum Jungle, Inc.,comply with the previous orders and to satisfy the $126,360.19 money judgment entered against Rum Jungle, Inc, and comply with the injunctive relief granted in favor of C.G. Holdings, Inc., it is further:

      a.      ORDERED that the U.S. Marshals Service is authorized to and shall take all necessary steps, including a till tap, using whatever force necessary, including

4835-0935-8338.1

breaking open, entering and searching the following property: Rum Jungle Night Club and Restaurant, located at 121-08 Jamaica Avenue, Richmond Hill, New York 11418; to secure and to have the following property removed from said premises:

    i.    Any cash, currency or money in whatever denomination or amount, including, but not limited to, cash, currency or money located in any cash register, till, safe and/or locked or secured container or room;

    ii.    Any tangible asset, including, but not limited to, equipment, furniture and any physical property; and

    iii.    All materials bearing in any manner the RUMJUNGLE mark and/or any similar variation thereof (the "Mark"), including, without limitation, advertising materials, promotional materials, drawings, brochures, catalogs, stationery, business forms, business cards, checks, labels, signs, and stickers.

The creditor is responsible for the transport to the appropriate/designated storage facility to place said property.

The United States Marshal shall provide no less than 48 hours notice to the attorneys for C.G. HOLDINGS, INC. prior to entry upon the premises, and the attorneys for C.G. HOLDINGS, INC. and persons under their supervision shall have the ability to accompany the United States Marshal;

    b.    ORDERED that the U.S. Marshals Service is authorized to secure and recover any

assets in any bank account(s) used in connection with Rum Jungle, Inc.;

c. ORDERED that C.G. HOLDINGS, INC., will act as substitute custodian of any and all items seized pursuant to the Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any Court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendant property, including any third-party claims;

d. ORDERED that C.G. HOLDINGS, INC., will account completely for all property seized and/or found at this premises and shall compile a written inventory of all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court; and

e. ORDERED that anyone interfering with the execution of this Order is subject to arrest by the U.S. Marshals Service.

Dated: Brooklyn, New York  February   , 2008

SO ORDERED:

_____
U.S.D.J.

4835-0935-8338.1